**In re R.E.B. & B. INC., d/b/a Cottman Transmission Center, Debtor.**

**Bankruptcy No. 96–10572–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 27, 1996.

Michael C. Markham, Clearwater, FL, for Debtor.

Catherine P. McEwen, Tampa, FL, for Cottman.

**ORDER DENYING DEBTOR'S EMER-GENCY MOTION FOR SANCTIONS FOR VIOLATION OF AUTOMATIC STAY AND EMERGENCY MOTION TO COMPEL ELECTION TO AS-SUME OR REJECT CONTRACT (EVEN IF NON–EXECUTORY) AND FOR DETERMINATION THEREON**

ALEXANDER L. PASKAY, Chief Judge.

IN THIS Chapter 11 case, the matters under consideration are an Emergency Motion for Sanctions for Violation of Automatic Stay (Motion for Sanctions) filed by R.E.B. & B., Inc. d/b/a Cottman Transmission Center (Debtor) against Cottman Transmission Systems, Inc. (Cottman), and an Emergency Motion to Compel Election to Assume or Reject Contract (Even if Non–Executory) and For Determination Thereon filed by Cottman. The Debtor, in the Motion for Sanctions alleges that on August 14, 1996, the Debtor filed its voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code and continued to operate its business as a Debtor in Possession. According to the Debtor, on August 15, 1996, the Debtor's phone service was transferred to another location without the Debtor's knowledge and consent. Upon learning of the change, the Debtor notified a representative of Cottman that the transfer was unauthorized, but a representative of Cottman refused to take any action to reverse the order. Based on the foregoing, the Debtor contends that Cottman willfully violated the automatic stay. Therefore, the Debtor requests the reinstatement of the phone service, the imposition of sanctions

and an award of compensatory damages, punitive damages and attorney's fees.

The facts relevant to the issues raised by the Motion for Sanctions and the relief sought are without dispute and are as follows. On June 14, 1994, the Debtor entered into an Agreement with Cottman entitled, "License Agreement" (Agreement). Pursuant to the Agreement, Cottman granted a franchise to the Debtor and authorized the Debtor to operate a business repairing, re-manufacturing and servicing transmissions and to use Cottmans' name. Among the extensive provisions of the Agreement, there are specific provisions relating to the telephone system to be used by the Debtor in his business operation. Paragraph 14 entitled, "Telephone Service," provides that the Debtor acknowledges that all telephone numbers and directory listings for a business referred to as a Center are property of Cottman, and that Cottman has the sole and exclusive right and authority to amend, transfer, or terminate such telephone numbers and directory listings as Cottman in its sole discretion deems appropriate. Paragraph 19 entitled, "Effect of Termination," provides *inter alia* that if within three days after termination of the Agreement, the Licensee, in this case the Debtor, has not taken any steps necessary to amend, transfer, or terminate the phone listings and service, the Debtor authorized Cottman to effect these changes in his name and to take such actions as may be necessary to amend, transfer or terminate the telephone listings and service. Based on the foregoing, it is the contention of Cottman that first, the telephone listing and the Yellow Page advertisement were not property of the estate, and thus, are not subject to the protective provisions of the automatic stay imposed by § 362(a) of the Bankruptcy Code. Therefore, the termination of the telephone service and the transfer of the same to another location was not a violation of the automatic stay and the Debtor is not entitled to the relief it seeks.

In support of its Motion for Sanctions, the Debtor contends however, that even assuming without admitting that the telephone service and the listing in the directory were property of Cottman by virtue of paragraph 14, nevertheless, it had a right to use the telephone number and the listing to conduct its business and the right to use is a sufficient intangible interest which is protected by the automatic stay. In addition, the Debtor contends that Cottman only had a right to change the listing or transfer the listing unilaterally, by virtue of Paragraph 19(d), after an effective termination of the Agreement. At the time the Debtor filed its Petition for Relief, the Agreement was not yet terminated. Therefore, Cottman had no right to transfer the telephone service, and thus, it violated the automatic stay.

■■■ Obviously, the initial threshold question is whether or not the Debtor's interest in the telephone service is an interest protected by the automatic stay. It can no longer can be gainsaid that the scope of § 541(a) which defines what is property of the estate is broad and expansive and includes both tangible and intangible property. *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205, 103 S.Ct. 2309, 2311, 76 L.Ed.2d 515 (1983). It is also established that a mere possessive interest is protected by the automatic stay. *In re 48th Street Steakhouse, Inc.,* 61 B.R. 182, 187 (Bankr. S.D.N.Y.1986), *aff'd,* 835 F.2d 427 (2d Cir. 1987), *cert. denied,* 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988). Moreover, Courts have consistently held that telephone numbers are property of the estate. *See In re Fontainebleau Hotel Corp.,* 508 F.2d 1056, 1059 (5th Cir.1975); *In re Kassuba,* 396 F.Supp. 324, 326 (N.D.Ill.1975); *In re Personal Computer Network, Inc.,* 85 B.R. 507, 508 (Bankr.N.D.Ill.1988). The difficulty is, that by virtue of the Agreement, the telephone number and the listing clearly were the property of Cottman. Cottman paid for it and Cottman had an absolute right to transfer the same in its discretion, if it appeared to be appropriate. Balancing Cottman's interest against the interest of the Debtor in the telephone service, there is hardly any question that the Debtor's interest in the telephone service is almost nil, in light of the undisputed fact that the Debtor no longer operates as a Cottman franchisee, and now operates his business by using the same telephone as it used while it was a Cottman franchisee under the name of Conti-

nental Transmission. Based on the foregoing, it is evident that the relief sought by the Debtor, to the extent it requests this Court to order Cottman to reinstate the telephone number, is academic and cannot be granted.

■ In this connection, it should be pointed out that Cottman also filed an Emergency Motion to Compel Election to Assume or Reject Contract (Even if Non–Executory) and For Determination Thereon, which Motion is now moot in light of the fact the Debtor no longer operates nor intends to operate as a Cottman franchisee.

■ This leaves for consideration whether or not this Court should consider the Debtor's request for imposition of sanction against Cottman for the violation of the automatic stay. Based on the specific and clear provision of the Agreement, this Court is satisfied that Cottman had an absolute right and sole discretion to amend, transfer, or terminate the telephone numbers and directory listings. This right is not conditioned upon the effective termination of the Agreement and the fact that Paragraph 19(d) of the Agreement authorized Cottman to effectuate a transfer in the event the franchisee, in this case the Debtor, fails to do so after termination is of no consequence. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Emergency Motion for Sanctions for Violation of Automatic Stay Against Cottman Transmission Systems, Inc., be and the same is hereby denied.

It is further

ORDERED, ADJUDGED AND DECREED that the Emergency Motion to Compel Election to Assume or Reject Contract (Even if Non–Executory) and For Determination Thereon, be and the same is hereby denied as moot.